# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| VANESSA HURLEY, | : | |
|     Plaintiff, | : | Case No. 3:09cv00216 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| MIAMI COUNTY CHILDREN SERVICES, | : | |
| | : | |
|     Defendant. | | |
| | : | |

# REPORT AND RECOMMENDATIONS[1]

Plaintiff Vanessa Hurley, a resident of the Troy, Ohio, brings this case *pro se* alleging, in part, that after her grandchildren were placed in foster care, they were moved four different times within one month. On one occasion, according to Plaintiff, "stitches were in my granddaughter['s] head, as a family we were not notified of the incident. I Vanessa Hurley have been the primary care giver for both of my grandchildren since birth until 2006." (Doc. #2 at 3). Plaintiff further alleges that she attempted to enroll her granddaughter in school without success because she "did not have the proper custody papers in order to do so." (Doc. #2 at 3). Plaintiff explains that her daughter, the children's mother, was taken to prison in 2002, and for five years, Defendant never checked on the children to learn who had custody. Plaintiff's grandchildren were re-united with their mother, who is apparently no longer in prison. But, according to Plaintiff, Defendant never provided any follow-up services and "neglected their needs."

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

*Id*. at 4.  In addition, Plaintiff had previously "told Children Services of abuse my daughter was committing against my grandchildren when my granddaughter was 3 months.  They refused to get involved." *Id*. at 3.

The case is presently pending upon Defendant Miami County Children Services' Motion to Dismiss (Doc. # 8), Plaintiff's Memorandum in Opposition (Doc. #11), and the record as a whole.

Defendant Miami County Children Services contends that Plaintiff's claims against it must be dismissed because it is merely an agent of Miami County and is not an entity capable of being sued.  This contention is well taken.

To state a claim under 42 U.S.C. §1983, a plaintiff must allege facts sufficient to show "that a person acting under the color of state law deprived him [or her] of a right secured by the Constitution or laws of the United States." *Everson v. Leis*, 556 F.3d 484, 493 (6th Cir. 2009).  "A body politic is a 'person' within the meaning of §1983." *Ford v. County of Grand Traverse*, 535, F.3d 483, 495 (6th Cir. 2008)(quoting *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005)).  In the present case, Defendant Miami County Children Services was created by state statute and is not a body politic. *See* Ohio Rev. Code §5153.02.  Consequently, Defendant Miami County Children Services is more akin to department or organizational arm of Miami County than to a "person" capable of being sued under §1983. *Cf. Lowe v. Hamilton County Dep't. of Job and Family Services*, 2008 WL 81669 at *8 (S.D. Ohio 2008) (Dlott, D.J.; Black, M.J.); *cf. also Webb v. Greene County Sheriff's Office*, 494 F.Supp.2d 779, 786 (S.D. Ohio 2007) (Rice, D.J.); *see Brothers v. County of Summit*, 2007 WL 1567662 at 8 n.2 (N.D. Ohio 2007) (Gallas, M.J.); *Mathew v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *cf. also Williams v. Dayton Police Dept.*, 680 F.Supp. 1075, 1080 (S.D. Ohio 1987) (Rice, D.J.).  Consequently, Defendant Miami County Children Service's Motion to Dismiss is well taken.

Defendant Miami County Children Services also contends that Plaintiff's Complaint fails to allege that a County policy or custom caused the constitutional

violations claimed in her Complaint, and the Complaint therefore fails to state a claim against Miami County. "For a governmental entity to be liable under 42 U.S.C. §1983, it must be the 'moving force behind the deprivation,' such that the 'entity's policy or custom ... played a part in the violation of federal law.'" *S.H.A.R.K. v. Metro Parks Serving Summit County*, 499 F.3d 553, 563 (6th Cir. 2007)(citation omitted). Although Plaintiff's Complaint does not describe the county policy or custom that allegedly violated her constitutional rights, she should be given an opportunity to amend her Complaint because leave to amend is freely granted as justice so requires, *see* Fed. R. Civ. P. 15(a)(2), because allowing Plaintiff to amend her Complaint will clarify who is the correct Defendant and the factual basis of her claims, and because allowing Plaintiff to amend will not prejudice Miami County's ability to litigate this case.

Accordingly, Plaintiff should be given an opportunity to file an Amended Complaint to name as Defendants Miami County, Ohio and its Commissioners, *see Lowe v. Hamilton County Dep't. of Job and Family Services*, 2008 WL 81669 at *8, and to identify the Miami county policy or custom that was allegedly the moving force behind the constitutional violation claimed in her Complaint, *see S.H.A.R.K.*, 499 F.3d at 563.

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendant Miami County Children Services' Motion to Dismiss (Doc. #8) be GRANTED; and

2. Plaintiff be given additional time, within fourteen days following the District Court's order on this Report and Recommendation, to file an Amended Complaint.

September 3, 2009

                                         s/Sharon L. Ovington
                                            Sharon L. Ovington
                                          United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).