# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| VANESSA HURLEY, | : | |
| Plaintiff, | : | Case No. 3:09cv00216 |
| vs. | : | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| MIAMI COUNTY COMMISSIONERS, | : | |
| | : | |
| Defendant. | | |
| | : | |

## REPORT AND RECOMMENDATION[1]

### I.   INTRODUCTION

Plaintiff Vanessa Hurley, a resident of the Troy, Ohio, brings this case *pro se* alleging, in part, that her rights have been violated by Defendant, Miami County Commissioners as a result of the alleged treatment of her non-custodial grandchildren by Miami County Children Services. This matter is before the Court upon Plaintiff's Motion to Enforce Subpoenas (Doc. # 23), Defendant's Response (Doc. # 25), Defendant's Motion for Judgment on the Pleadings (Doc. # 24), Plaintiff's Motion to Judgment (Doc. # 26), Defendant's Reply (Doc. #29), Plaintiff's Motion for Judgment (Doc. # 28), Defendant's Motion to Strike (Doc. # 30), Plaintiff's Response (Doc. # 31), and the

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

record as a whole.

In her Amended Complaint, Plaintiff alleges:

> My rights were violated by Children services. Every (sic) thing the Commissioners in Miami County oversee their (sic) is a violation of civil rights. Minorities are not hired for county jobs, minority children are taken away when there is no abuse and place in foster care homes where abuse and neglect are over looked because of credentials. I am poor but I love my grandchildren, who are placed with a family member, however, if I had not filed against Children Services my sister would not have been granted custody. Children Services refused to contact Children Services in Franklin County until I filed against them to schedule a home study. In spite of them knowing family member wanted these children. Children Services yet filed for custody. Children Services never asked me where I worked where I lived. I was never considered.

(Doc. # 17). Plaintiff seeks restitution in the amount of $800,000.00 as well as an investigation of all county offices, especially Children Services. (*Id*.). In her Amended Complaint, Plaintiff does not allege that she has been deprived of a right to visit her grandchildren nor does she dispute the decision of the state court to place her grandchildren with a family member. (*Id.*). Plaintiff has generally alleged a violation of her civil rights. Construing her Amended Complaint in a light most favorable to her, she contends that the Commissioners have a policy or custom of removing minority children from the home and placing them in foster care homes where abuse and neglect occurs.

## II.   MOTIONS FOR JUDGMENT ON THE PLEADINGS

Defendant filed a Motion for Judgment on the Pleadings arguing that Plaintiff's Amended Complaint should be dismissed because Plaintiff lacks standing to bring this action; Defendants are entitled to absolute Quasi-judicial immunity; Plaintiff has failed to

plead the essential elements of her claim and that Plaintiff's claims fail under *Monnell v. Dept. of Social Serv.* (1978) 436 U.S. 658, 98 S. Ct. 2018 (1978). (Doc. # 24).

In her motion, Plaintiff reiterates her dissatisfaction with the way "Children Services" handled the case involving her grandchildren. (Doc. # 26). Plaintiff also states that she has been "forbidden to see her grandchildren and have sought counsel to get my grandchildren as well as being given grandparent rights until this matter is resolved." (Doc. # 26 at 1). However, it is clear that it is not Defendant who has forbidden her from seeing her grandchildren as Plaintiff admits they are in the custody of her sister.

To determine whether a Complaint states a claim upon which relief can be granted, the Court accepts the plaintiff's factual allegations as true and construes the Complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009). "[T]o survive a motion to dismiss a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting in part *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 1965, 167 L.Ed.2d 929 (2007)).

To state a plausible, non-speculative claim, the Complaint need only set forth a short and plain statement of the claim showing that the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a). This does not require detailed factual allegations, yet it does require

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, __U.S. __, 129 S.Ct.1937, 1949 (2009)(*Twombly* citations omitted); *see Eidson v. State of Tn. Dept. of Children's Svs.*, 510 F.3d 631, 634 (6th Cir. 2007) ("[A] complaint must contain either direct or inferential allegations respecting all material elements to sustain recovery under some viable legal theory.... Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.").

"In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, __U.S. at __, 129 S.Ct. at 1950.

### III. PLAINTIFF LACKS STANDING

In every federal case, the party bringing the suit must establish standing to prosecute the action. "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*,

422 U.S. 490, 498, 95 S. Ct. 2197 (1975). Standing jurisprudence can be categorized in two ways: Article III standing, which enforces the Constitution's case or controversy requirement, *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-562, 112 S. Ct. 2130, (1992); and prudential standing, which embodies "judicially self-imposed limits on the exercise of federal jurisdiction," *Allen v. Wright*, 468 U.S. 737, 751, 104 S. Ct. 3315 (1984). The Article III limitations require the plaintiff to show that the conduct of which he complains has caused him to suffer an "injury in fact" that a favorable judgment will redress. *See Lujan*, 504 U.S. at 560-561. Prudential standing encompasses "the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked." *Allen*, 468 U.S. at 751. "Without such limitations--closely related to Art. III concerns but essentially matters of judicial self-governance--the courts would be called upon to decide abstract questions of wide public significance even though other governmental institutions may be more competent to address the questions and even though judicial intervention may be unnecessary to protect individual rights." *Warth,* 422 U.S. at 500.

To establish standing for past injury, a plaintiff must allege facts sufficient to show: 1) an "injury-in-fact," which is "concrete and particularized" and "actual, or imminent, not conjectural or hypothetical"; 2) "the injury is fairly traceable to the

5

challenged action of the defendant"; and 3) "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 180-81, 120 S. Ct. 693 (2000) (citing Lujan).

Plaintiff lacks standing to bring a claim on behalf of her grandchildren or other persons whom she claims to have suffered injury. In *Balden v. Cottee,* 221 F. 3d 1333 (6th Cir. 2000), plaintiff parents sued a social worker and a Children Services Board claiming they were denied their constitutional rights in connection with the state court proceedings where they were charged with neglect and abuse of their children. The Sixth Circuit found that the plaintiffs did not establish standing to pursue claims for injunctive or declaratory relief. *See also Johnson v. Turner*, 125 F. 3d 324 (6th Cir. 1997).

The Plaintiff's grandchildren are in the custody of Plaintiff's sister pursuant to a state court order. Plaintiff does not allege that she is the legal guardian of the grandchildren. The Power of Attorney court filings that Plaintiff attached to her Amended Complaint were no longer valid as of September 8, 2007, by the plain terms of the document. Although it is clear that Plaintiff loves her grandchildren, she lacks standing to bring the claims set forth in her Amended Complaint.

### IV. PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINE OF ABSOLUTE IMMUNITY AND ALSO FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Under the circumstances presented, Defendant is absolutely immune from suit for

damages. *Bush v. Rauch,* 38 F. 3d 842, 847 (6th Cir. 1994). It is well-settled that "social workers who initiate judicial proceedings against those suspected of child abuse or neglect perform a prosecutorial duty, and so are entitled to absolute immunity." *Achterhof v. Selvaggio*, 886 F. 2d 826, 830 (6th Cir. 1989). To the extent Plaintiff's claims challenge the actions of employees of the Miami County Children's Services they are without merit.

Plaintiff's claims under §1983 against Miami County Commissioners also fail as a matter of law, because a county cannot be held vicariously liable under §1983 for the actions of its employees. "It is firmly established that a municipality, or as in this case a county, cannot be held liable under §1983 for an injury inflicted solely by its employees or agents." *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000). To show that the Miami County Commissioners violated her constitutional rights, Plaintiff must allege that her "injuries were the result of an unconstitutional policy or custom of the County." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see Monell*, 436 U.S. at 694; *see also Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir. 1996); *cf. Polk County v. Dodson*, 454 U.S. 312 (1981)(municipal policy must be "moving force" behind constitutional deprivation). Municipalities and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Thus, to obtain redress under §1983, a plaintiff must identify a policy, connect the policy to the county, and

7

allege facts showing that the particular injury was incurred because of the execution of the policy. *Board of County Comm'r of Bryan County, Okl. v. Brown* 520 U.S. 397, 405 (1997).

Plaintiff's claims against the Miami County Commissioners amount to conclusory allegations which are insufficient to state a claim against them. *Anthony v. Roberson*, 26 Fed. Appx. 419, 422 (6th Cir. 2001). As stated by the United States Supreme Court, a Complaint must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement. *Iqbal*, 129 S.Ct. at 1949.

Because Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, her Motion to Enforce Subpoenas (Doc. # 23) must also be denied.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's Motion to Enforce Subpoenas (Doc. # 23), be DENIED;

2. Defendant's Motion for Judgment on the Pleadings (Doc. # 24), be GRANTED

3. Plaintiff's Motion to Judgment (Doc. # 26) and Plaintiff's Motion for Judgment (Doc. # 28), be DENIED;

4. Defendant's Motion to Strike (Doc. # 30), be DENIED as MOOT; and,

5. This case be terminated on the docket of this Court.

                                                s/Sharon L. Ovington
                                                Sharon L. Ovington
                                           United States Magistrate Judge

May 25, 2010

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).

As Defendant LS&R aptly notes, on a motion under Fed. R. Civ. P. 12(b)(6) to dismiss for failure to state a claim upon which relief may be granted, the reviewing court ordinarily is restricted to matters set forth within the pleadings. *See, e.g., Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).